## CLARENCE MORLAN v. STATE.

No. A-4407.     Opinion Filed Oct. 27, 1923.
(219 Pac. 172.)
(Syllabus.)

Intoxicating Liquors—Unlawful Manufacture—Lack of Evidence. In a prosecution for manufacturing intoxicating liquor, evidence examined, and held insufficient to sustain the verdict and judgment of conviction.

Appeal from County Court, Dewey County; W. A. Carlton, Judge.

Clarence Morlan was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed.

Hoyt & Butler, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of the county court of Dewey county, wherein Clarence Morlan was sentenced to be confined in the county jail for 60 days and to pay a fine of $100 and costs, taxed in the sum of $105. It was charged in the information, in substance, that the crime of manufacturing intoxicating liquor was committed by the defendant by willfully and unlawfully manufacturing, by process of distillation, intoxicating liquor containing more

than one-half of 1 per cent. of alcohol by volume measure, to wit, home distilled liquor and capable of being used as a beverage. Upon the trial the jury returned a verdict of guilty, but were unable to agree upon the punishment.

The Attorney General has filed the following confession of error:

"The record in this appeal discloses that there was not a scintilla of evidence offered upon the part of the state to show that any quantity whatever of intoxicating liquor had been manufactured by the plaintiff in error, or that the mixture found upon the premises of plaintiff in error contained as much as one-half of 1 per cent. of alcohol, measured by volume. It is to be noticed that the information charges the plaintiff in error with having manufactured intoxicating liquor by a process of distillation, and the chief witness for the state, in his testimony, discloses the fact that no part of the mixture had ever been distilled in any manner or form. The verdict of the jury is clearly without any evidence to support the same and we respectfully suggest that this cause should be reversed."

An examination of the record discloses that the confession of error is well-founded and should be sustained. Because the evidence is entirely insufficient to support the verdict and judgment of conviction, the judgment of the lower court is reversed.

MATSON, P. J., and BESSEY, J., concur.